ADR

Ronald Wilcox, Esq., 176601
2160 The Alameda, First Floor, Suite F
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486

E-FILING

FILED

2007 OCT -3 P 2: 01

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA, S.J.

**ATTORNEY FOR PLAINTIFF**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

JASON MUSSYNSKI,           )
                           )
          Plaintiff,       )
                           )
     v.                    ) Civil Action No.
                           )
THOMAS K. BAMFORD,         )
                           )
          Defendant.       )
                           )

C07 05096 HRL

## COMPLAINT

## DEMAND FOR JURY

## I. INTRODUCTION

1. This is an action for damages brought by consumers for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

///

///

///

2. According to 15 U.S.C. § 1692:

(a)  There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b)  Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c)  Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d)  Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)  It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.  Venue in this District is proper in that Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

4. Plaintiff JASON MUSSYNSKI (hereinafter "Plaintiff") is a natural person residing in Santa Clara, California.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant THOMAS K. BAMFORD (hereinafter "Defendant") is an attorney licensed to practice in the state of Texas and is engaged in the business of collecting consumer debts in California for third parties from a mailing address of 1201 Richardson Drive, Suite 201, P.O. Box 832070, Richardson, Texas 75080.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

8. Plaintiff incurred financial obligations to Household Bank with the account numbers 13758086061000084 and 13758086061000057. The debts were primarily incurred for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. Plaintiff experienced difficulty in repaying the debts to Household Bank.

10. Plaintiff is informed and believes, and thereon alleges that sometime thereafter on a date unknown to Plaintiff, the debts were sold, assigned or otherwise transferred to Arrow Financial Services, LLC.

11. Plaintiff is informed and believes, and thereon alleges that sometime thereafter on a date unknown to Plaintiff, the debts were then sold, assigned or otherwise transferred to Defendant for collection from Plaintiff.

12. On or about October 4, 2006, Defendant sent a collection letter to Plaintiff in an attempt to collect a debt or collect payment on a debt. A true and accurate copy of the October 4, 2006 collection letter from Defendant to Plaintiff is attached hereto, marked **Exhibit 1**, and by this reference is incorporated herein.

13. **Exhibit 1** referenced account number 13758086061000057.

14. **Exhibit 1** was the Defendant's first written notice addressed to the Plaintiff in connection with collecting the debt.

15. **Exhibit 1** contained the facsimile signature of "Thomas K. Bamford" (Defendant).

16. **Exhibit 1** failed to provide Plaintiff with a proper validation notice required by 15 U.S.C. § 1692g.

17. On information and belief, Plaintiff contends **Exhibit 1** falsely threatened immediate legal action not intended within the time frame threatened in an effort to collect a debt.

18. **Exhibit 1** contained false, deceptive, and misleading statements in an effort to collect a debt or collect payment on a debt.

19. **Exhibit 1** created a false sense of urgency.

20. **Exhibit 1** threatened to sue in an improper venue (Texas) or where Defendant in not licensed (California).

21. On or about October 4, 2006, Defendant sent another collection letter to Plaintiff identical to **Exhibit 1** in an attempt to collect a debt or collect payment on a debt.  A true and accurate copy of the October 4, 2006 collection letter from Defendant to Plaintiff is attached hereto, marked **Exhibit 2**, and by this reference is incorporated herein.

22. **Exhibit 2** referenced account number 13758086061000084.

23. **Exhibit 2** was the Defendant's first written notice addressed to the Plaintiff in connection with collecting the debt.

24. **Exhibit 2** contained the facsimile signature of "Thomas K. Bamford" (Defendant).

25. **Exhibit 2** failed to provide Plaintiff with a proper validation notice required by 15 U.S.C. § 1692g.

26. On information and belief, Plaintiff contends **Exhibit 2** falsely threatened immediate legal action not intended within the time frame threatened in an effort to collect a debt.

27. **Exhibit 2** contained false, deceptive, and misleading statements in an effort to collect a debt or collect payment on a debt.

28. **Exhibit 2** created a false sense of urgency.

29. **Exhibit 2** threatened to sue in an improper venue (Texas) or where Defendant in not licensed (California).

30. On or about October 24, 2006, Defendant sent another collection letter to Plaintiff in an attempt to collect a debt or collect payment on a debt.  A true and accurate copy of the October 24, 2006 collection letter from Defendant to Plaintiff is attached hereto, marked **Exhibit 3**, and by this reference is incorporated herein.

31. **Exhibit 3** referenced account number 13758086061000084.

32. **Exhibit 3** contained the facsimile signature of "Thomas K. Bamford" (Defendant).

33. **Exhibit 3** contradicts the validation notice by demanding immediate payment within 30-day time period, thus violating 15 U.S.C. § 1692g.

34. **Exhibit 3** falsely threatened immediate legal action not intended within the time frame threatened in an effort to collect a debt.

35. **Exhibit 3** contained false, deceptive, and misleading statements in an effort to collect a debt or collect payment on a debt.

36. **Exhibit 3** created a false sense of urgency.

37. **Exhibit 3** threatened to sue in an improper venue (Texas) or where Defendant in not licensed (California).

38. Defendant did not file a lawsuit against Plaintiff as threatened nor did it intend to within the time frame threatened.

39. Defendant sent letters in the form of **Exhibits 1, 2, and 3** to more than 40 persons in California, in the one-year preceding the filing of this complaint. Plaintiff may seek to amend to add class allegations at a later date.

## V. FIRST CLAIM FOR RELIEF
### (Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*)

40. Plaintiff incorporates by reference each paragraph alleged above.

41. The foregoing acts and omission of Defendant constitute violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, including but not limited to those sections below as evidenced by the following conduct by making false, deceptive, and misleading statements:

42. Defendant violated 15 U.S.C. §§ 1692e and 1692e(5) by falsely threatening immediate actions not intended and not taken within the time frame threatened, including legal action.

43. Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) by using false, deceptive, and misleading statements in an attempt to collect a debt.

44. Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) by creating a false sense of urgency.

45. Defendant violated 15 U.S.C. §§ 1692e and 1692g by failing to provide Plaintiff with required notices.

46. Defendants violated 15 U.S.C. §§ 1692e and 1692g by contradicting and failing to provide a proper validation notice.

47. Defendants violated 15 U.S.C. § 1692f by using unfair and unconscionable means in an attempt to collect a debt or collect payment on a debt.

48. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for statutory damages, costs and attorney's fees.

WHEREFORE, Plaintiff respectfully pray that judgment be entered against the Defendant for the following:

A. Judgment that Defendant's conduct violated the FDCPA.

B. Actual and statutory damages pursuant to 15 U.S.C. § 1692k.

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

D. Grant such other and further relief as it deems just and proper.

_____        _____
Ronald Wilcox                                              Date
Attorney for Plaintiff


**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demand trial by jury in this action.

_____        _____
Ronald Wilcox                                              Date

# Exhibit 1

**THOMAS K. BAMFORD**
**Attorney at Law**
**1201 Richardson Drive, Suite 201**
**Richardson, Texas  75080**
*PO Box 832070*
*Richardson, TEXAS  75083*
*(214) 343-6364    (800) 977-9668*

OCTOBER  04TH, 2006

JASON MUSSYNSKI
2266 CAPISTRANO DR,
SANTA CLARA, CA 95051-1402

RE:   Creditor:              ARROW FINANCIAL SERVICES, LLC
       Original Creditor:     HOUSEHOLD BANK
       Current Balance:       $691.01
       Account No.:           13758086061000057
       15 USC 1692e(11) Debt Collector Communication

Dear JASON MUSSYNSKI,

The above mentioned account has been referred to this office for collection.  Your payment of the balance must be paid or appropriate steps will be taken to ensure payment.

As of the date of this letter you owe $691.01.  Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater.

Unless you, the consumer, within thirty days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by this office.

If you, the consumer, notify us in writing within the thirty-day period that the debt, or any portion thereof is disputed, we will obtain verification of the debt or a copy of a judgment against you, the consumer and a copy of such verification or judgment will be mailed to you by our office.

Upon your request within the thirty-day period, we will provide you with the name and  address of the original creditor if different from the current creditor.

"The state Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m.  They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work.  For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt.  Collectors may contact another person to confirm your location or enforce a judgment.  For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov."

As required by law you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

Accordingly, may I have your check in the full amount due?  If I do not hear from you and the account is not paid-in-full, I will have to assume that you would prefer legal action be taken.

Very truly yours,

Thomas K. Bamford

This is an attempt to collect a debt.  Any information obtained will be used for that purpose.

# Exhibit 2

**THOMAS K. BAMFORD**
Attorney at Law
1201 Richardson Drive, Suite 201
Richardson, Texas 75080
*PO Box 832070*
*Richardson, TEXAS 75083*
*(214) 343-6364    (800) 977-9668*

OCTOBER 04TH, 2006

JASON MUSSYNSKI
2266 CAPISTRANO DR,
SANTA CLARA, CA 95051-1402

RE:    Creditor:              ARROW FINANCIAL SERVICES, LLC
       Original Creditor:     HOUSEHOLD BANK
       Current Balance:       $1,382.56
       Account No.:           13758086061000084
       15 USC 1692e(11) Debt Collector Communication

Dear JASON MUSSYNSKI,

The above mentioned account has been referred to this office for collection.  Your payment of the balance must be paid or appropriate steps will be taken to ensure payment.

As of the date of this letter you owe $1,382.56.  Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater.

Unless you, the consumer, within thirty days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by this office.

If you, the consumer, notify us in writing within the thirty-day period that the debt, or any portion thereof is disputed, we will obtain verification of the debt or a copy of a judgment against you, the consumer and a copy of such verification or judgment will be mailed to you by our office.

Upon your request within the thirty-day period, we will provide you with the name and  address of the original creditor if different from the current creditor.

"The state Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m.  They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work.  For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt.  Collectors may contact another person to confirm your location or enforce a judgment.  For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov."

As required by law you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

Accordingly, may I have your check in the full amount due?  If I do not hear from you and the account is not paid-in-full, I will have to assume that you would prefer legal action be taken.

Very truly yours,

Thomas K. Bamford

       This is an attempt to collect a debt.  Any information obtained will be used for that purpose.

# Exhibit 3

**THOMAS K. BAMFORD**
Attorney At Law
1201 Richardson Drive, Suite 201
Richardson, Texas 75080
PO Box 832070
Dallas, Texas 75083
(214) 343-6364  (800) 977-9668

OCTOBER 24TH, 2006


JASON MUSSYNSKI
2266 CAPISTRANO DR
SANTA CLARA, CA 95051-1402


RE:    Creditor:            ARROW FINANCIAL SERVICES, LLC
       Original Creditor:   HOUSEHOLD BANK
       Amount Owed:  $1,382.56
       Interest Claimed Due:   $0.00
       Current Balance:        $1,382.56
       Account No.             13758086061000084
       15 USC 1692e(11) Debt Collector Communication

Dear JASON MUSSYNSKI,

Your failure to pay the above mentioned balance leaves me no alternative but to pursue other action. This action has become necessary due to your failure to respond to previous efforts to collect the above balance.

As of the date of this letter you owe $1,382.56. Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater.

Demand is hereby made upon you to pay the balance in full to my office within five (5) days. If you are unable to pay the balance with in five days, you must contact my office immediately for a possible alternate arrangement.

If you fail to respond to this letter, I will advise my client to pursue their legal remedies allowed for under the law, which may include possible litigation.

Very truly yours,

Thomas K. Bamford

TKB/hh


This is an attempt to collect this debt and any information obtained will be used for that purpose.